John K. Buche (SBN 239477)
Byron E. Ma (SBN 299706)
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, California 92037
Tel: 858.459.9111
Fax: 858.430.2426
jbuche@buchelaw.com
bma@buchelaw.com

*Attorneys for Ajinomoto Althea, Inc.*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALKERMES PHARMA IRELAND LIMITED, ALKERMES CONTROLLED THERAPEUTICS, INC., JANSSEN PHARMACEUTICALS, INC., <br><br>Plaintiffs, <br><br>v. <br><br>LUYE PHARMA GROUP LTD., LUYE PHARMA (USA) LTD., NANJING LUYE PHARMACEUTICAL CO., LTD., SHANDONG LUYE PHRAMACEUTICAL CO., LTD. <br><br>Defendants. | Case No.: **'19CV2227 BAS BGS** <br><br>Subpoena Issuing Court: <br>Case No.: 1:19-cv-01340-LPS <br>United States District Court <br>District of Delaware <br><br>**NONPARTY AJINOMOTO ALTHEA, INC.'S MOTION TO QUASH JANSSEN PHARMACEUTICALS, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION** |

Pursuant to Federal Rule of Civil Procedure 45(d)(3), nonparty Ajinomoto Althea, Inc. ("Ajinomoto") hereby moves to quash Janssen Pharmaceuticals, Inc.'s ("Janssen") subpoena to testify at a deposition in a civil action. The subpoena was issued from the United States District Court for the District of Delaware, but Ajinomoto is located in the Southern District of California, so this is the proper venue to bring this motion.

///

///

i

AJINOMOTO ALTHEA, INC.'S MOTION TO QUASH JANSSEN PHARMACEUTI-
CALS, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

## I. INTRODUCTION

On November 7, 2019, Janssen served nonparty Ajinomoto with a subpoena to testify at a deposition and a subpoena to produce documents, information, or objects or to permit inspection of premises in a civil action. Janssen's subpoena unilaterally scheduled the deposition for November 25, 2019 without consulting with Ajinomoto or its counsel. Janssen's subpoena to produce documents, objects, and permit inspection of Ajinomoto's manufacturing facility was set for November 20, 2019. On November 19, 2019, Ajinomoto served responses to Janssen's subpoena for documents, objects, and inspection on Janssen, and expressed that, subject to a suitable protective order that protects Ajinomoto, it will produce non-privileged documents in its custody that are responsive to the requests. *See* Decl. Buche, Ex. D. In view of Ajinomoto's thorough responses to Janssen's requests for records and agreement to produce nearly all documents requested therein, and the undue burden of a deposition, Janssen's subpoena should be quashed. Janssen's deposition subpoena does not allow for a reasonable time to comply and imposes an undue burden on Ajinomoto in the way of costs, attorneys' fees, expenses, and inconvenience. A deposition of Ajinomoto would not reveal additional relevant information that the parties do not already possess and/or will receive through Ajinomoto's production of responsive documents in its custody or control.

## II. STATEMENT OF FACTS

By way of background, Plaintiffs Alkermes Pharma Limited, Alkermes Controlled Therapeutics, Inc. and Janssen Pharmaceuticals, Inc. (collectively "Plaintiffs") filed a lawsuit on July 17, 2019 against Luye Pharma Group Ltd., Luye Pharma (USA) Ltd., Nanjing Luye Pharmaceutrical Co., Ltd, and, Shandong Luye Pharmaceutical Co., Ltd (collectively "Defendants') for patent infringement of U.S. Patent No. 6,667,061 ("the '061 Patent") for a "Preparation of Injectable Suspensions Having

Improved Injectability."[1] Janssen holds New Drug Applications for Risperdal Consta® (risperidone) Long-Acting Injection for the treatment of schizophrenia. Plaintiffs allege that Defendants are seeking approval to engage in the manufacture, use, and sale of a Risperidone Product (Defendants' Risperidone Product) that infringes the '061 Patent.

Ajinomoto has no interest in this litigation and its primary role was merely to produce a diluent for Defendants' Risperidone Product according to the specifications provided by Defendants. At issue is the composition of the Defendant's Risperidone Product, not the manufacturing or production of a diluent. With respect to the claim of patent infringement, Defendants' Risperidone Product will speak for itself and testing and analysis of the Defendants' Risperidone Product should show whether or not it infringes the '061 Patent. The diluent used is not a component that is alleged to have infringed any patents. Plaintiffs should be able to obtain Defendants' Risperidone Product from Defendants and perform tests to identify its composition. Plaintiffs certainly do not need to depose Ajinomoto to determine if Defendants' Risperidone Product infringes the '061 patent. The specifications and compositions of Defendants' Risperidone Product can be determined from documents, specifications, samples (which are not in the possession of Ajinomoto), testing, and expert testimony.

Janssen's Subpoena to Testify at a Deposition to Ajinomoto lists eight topics for the deposition. *See* Decl. Buche, Ex. A. Not only are most of the topics over broad, require the disclosure of confidential information, not relevant, and not proportional to the needs of the case, but the topics referenced in the deposition subpoena cover the same requests in Janssen's subpoena to produce records,

---

[1] The '061 Patent has one independent claim that claims "A composition suitable for injection through a needle into a host, comprising: microparticles comprising a polymeric binder; and an injection vehicle, wherein said microparticles are suspended in said injection vehicle at a concentration of greater than about 30 mg/ml to form a suspension, wherein a fluid phase of said suspension has a viscosity greater than about 20 cp and less than about 600 cp at 20° C., wherein the viscosity of said fluid phase of said suspension provides injectability of the composition through a needle ranging in diameter from 18-22 gauge.

so a production of records will provide more than sufficient information to address the topics. Moreover, to the extent the documents being produced do not already contain all the information needed for the lawsuit, a simple declaration from Ajinomoto would be sufficient to clarify the topics and will minimize the burden on Ajinomoto.

With respect to the diluent, all of the information, documents, and samples related to the specifications of the diluent and the diluent itself have been provided to Defendants, so any information that Ajinomoto has that would be relevant in this matter is in the possession of Defendants and, at this point, potentially the Plaintiffs. Nonetheless, despite the fact that the subpoena for documents is completely unnecessary giving that Defendants' possess all of the requested documents, Ajinomoto has agreed to fully cooperate with the subpoena for documents. Ajinomoto has stated it will produce non-privileged documents that are responsive to the requests and in its custody or control, subject to a suitable protective order that protects Ajinomoto. Therefore, all of the relevant information Plaintiffs could conceivably gather from Ajinomoto that would be relevant and proportional to the claims are either already, or will be, in the possession of the Defendants and/or the Plaintiffs. The subpoena to testify at a deposition fails to provide a reasonable time to comply, is overly-intrusive and unnecessary given that the parties already possess or will soon possess all the information requested, and imposes a significant undue burden by increasing Ajinomoto's costs, attorneys' fees, and inconvenience.

Lastly, counsel for Ajinomoto, John K. Buche, is not available on November 25, 2019 to represent Ajinomoto at the deposition due to a prior planned vacation. *See* Decl. Buche, ¶6.

### III. <u>ARGUMENT</u>

On a timely motion, a court must quash or modify a subpoena if the subpoena (i) does not allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception

AJINOMOTO ALTHEA, INC.'S MOTION TO QUASH JANSSEN PHARMACEUTICALS, INC.'S SUBPOENA TO TESTIFY AT A DEPOSITION

or waiver applies; or (iv) subjects a person to undue burden. FRCP 45(d)(3)(A)(i)-(iii). Furthermore, a court is permitted to quash a subpoena if it requires disclosing a trade secret or other confidential research, development, or commercial information. FRCP 45(d)(3)(B)(i). Here, Janssen's subpoena to testify at a deposition should be quashed for failing to allow a reasonable time to comply and for imposing a significant undue burden. In the alternative, if this Court determines that Janssen's deposition subpoena does not impose an undue burden, Ajinomoto requests that the subpoena be modified to allow the parties to agree to a date where Ajinomoto and its counsel can be present.

### A. Janssen's Deposition Subpoena Should be Quashed Because it Imposes an Undue Burden and is Not Proportional to the Needs of the Case.

"In determining whether a subpoena poses an undue burden, courts 'weigh the burden to the subpoenaed party against the value of the information to the serving party.'" *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014) (quoting *Travelers Indem. Co. v. Metropolitan Life Insur. Co.*, 228 F.R.D. 111, 113 (D. Conn. 2005)). Determining whether a subpoena imposes an "undue burden' on a nonparty depends on factors such as: (i) relevance, (ii) the need of the party for the documents; (iii) the breadth of the document request; (iv) the time period covered by it; (iv) the particularity with which the documents are described and the burden imposed. *See Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 49 (S.D.N.Y. 1996). Moreover, "the status of a witness as a non-party to the underlying litigation 'entitles [the witness] to consideration regarding expense and inconvenience." *Id*. (citing Fed.R.Civ.P. 45(c)(2)(B)). Regarding discovery, parties may obtain nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the parties' relative access to relevant information and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(1).

A deposition of Ajinomoto addressing the following topics would not provide additional rele-

vant information that is proportional to the needs of the case and its testimony will only reiterate information that is already, or that will be, in the possession of the Plaintiffs and/or Defendants:

1. Topic 1: *The identity and authenticity of all documents produced by Ajinomoto Althea.*

This topic is an exercise of authentication of business records, which can be done by a custodian of records declaration. A deposition is not necessary to authenticate business records and would be overly burdensome.

2. Topic 2: *For all documents produced by Ajinomoto Althea, the manner in which such documents were created and maintained.*

This topic is also an exercise of authentication of business records, which can be done via a custodian of records declaration. A deposition is not necessary to authenticate business records and would be overly burdensome.

3. Topic 3: *All facts and circumstances concerning research, development, and/or testing conducted concerning the diluent used in, and/or contemplated to be used in, Defendants' Proposed Risperidone Product, including but not limited to the facts and circumstances related to (1) the viscosity of Defendants' Proposed Risperidone Product or any of its components, (2) any decision to change the viscosity of the diluent used in Defendants' Proposed Risperidone Product during development of Defendants' Proposed Risperidone Product, and (3) any comparison of a diluent with a viscosity at or above 20 cp versus below 20 cp in Defendants' Proposed Risperidone Product.*

This topic is overly broad and it seeks information that is not relevant to any claim or defense, not proportional to the needs of the case, and is unduly burdensome since Janssen's subpoena to produce records includes several requests for documents related to the viscosity of Defendants' Proposed Risperidone Product. *See* Decl. Buche Ex. B, pg. 10-13 (Request Nos. 1-7, and 9). Moreover, Ajinomoto only manufactured the diluent based on the specifications provided by Defendants. Ajinomoto did not have input or opinions on the viscosity of the Defendants' Risperidone Products or the diluent used therein. Defendants already have in their possession documents that confirm this

point and Defendants themselves could also testify to this point. However, despite the fact that obtaining this information from Ajinomoto is completely unnecessary, Ajinomoto has already agreed to produce all documents in its possession related to the diluent used in Defendants' Risperidone product and all documents otherwise related to Defendants' product. In the extremely unlikely event that the documents produced are insufficient, Ajinomoto is also willing to provide a declaration stating that it has no information related to decisions to change viscosity or comparisons of viscosities. Furthermore, Defendants would have the knowledge regarding any decisions or comparisons regarding viscosity of Defendants' Risperidone Products. Accordingly, Janssen can access this information through the Defendants in this case and do not have to burden a nonparty witness for information that is available from Defendants.

A deposition to address this topic will significantly increase Ajinomoto's costs, expenses, and inconvenience and imposes an undue burden as it will not yield additional relevant information or responses that cannot be had from documents or other parties in the case. While parties are of course permitted to obtain information from third parties where necessary, they should not be permitted to harass and burden third parties to the litigation when they can easily obtain the information sought from another party in the case.

    4.  Topic 4: *All facts and circumstances concerning any analysis of changes in viscosity of Defendants' Risperidone Product, including but not limited to the diluent over time.*

This topic is covered in deposition topic 3 and it again seeks information that is unduly burdensome since Janssen's subpoena for records includes requests for analysis of changes in viscosity of Defendants' Risperidone Product. *See* Decl. Buche Ex. B, pg. 11 (Request No. 9). Again, Ajinomoto did not perform analysis of any changes in viscosity and is willing to provide a declaration stating as much. Moreover, if there are documents related to the diluent for Defendants' Risperidone

Product, they have been provided to Defendants, so Defendants would have knowledge regarding this topic and Plaintiffs can access this information through Defendants.

A deposition to address this topic will significantly increase Ajinomoto's costs, expenses, and inconvenience and imposes an undue burden as it will not yield any additional relevant information or responses that cannot be had from documents or other parties in the case.

> 5. Topic 5: *All facts and circumstances concerning any shelf life or expiration date for Defendants' Proposed Risperidone Product (including the diluent) including the average and maximum amounts of time that pass after the manufacture of Defendants' Proposed Risperidone Product (including the diluent) and before its use.*

This topic is overly broad and seeks information that is not relevant to any claims or defenses and is not proportional to the needs of the case. This request is also unduly burdensome because Janssen already requested documents concerning the exact same topic. *See* Decl. Buche, Ex. B, pg. 11 (Request No. 10). If there are documents that speak to shelf life or expiration, those time periods can be found in those documents, a deposition to give the time frame of shelf life or expiration is not necessary. Additionally, any "facts and circumstances concerning shelf life or expiration date for Defendants' Proposed Risperidone Product" would certainly be in the possession of Defendants as they would have the most knowledge of their own product. A deposition is not necessary because not only does Ajinomoto not have all of the specifics of Defendants' Proposed Risperidone Product, but this information is more easily obtained from Defendants.

> 6. Topic 6: *All facts and circumstances concerning each agreement, contract, or understanding to which Defendants are a party that relates to the diluent used in, and/or contemplated to be used in Defendants' Proposed Risperidone Product and/or Defendants' NDA.*

This topic is also overly broad, not proportional to the needs of the case, and unduly burdensome because Janssen already requested documents concerning the exact same topic. *See* Decl. Buche, Ex. B, pg. 11 (Request No. 12). Any contracts that exist are already in the possession of Defendants

and are more easily obtained from Defendants. With that said, Ajinomoto has stated it will produce any non-privileged, relevant, and responsive contracts in its custody. Any contract will speak for itself and it is not necessary to have an Ajinomoto representative provide legal conclusions and interpretations and comment on the contract that was drafted and reviewed by other counsel. The information contained in the contract is sufficient for Plaintiffs' case and if more information is necessary, then Plaintiffs can obtain that information from Defendants, who entered into the same agreement and have information surrounding the facts and circumstances of that agreement.

Therefore, a deposition on this topic is unduly burdensome and will significantly increase Ajinomoto's costs, expenses, and inconvenience.

> 7. Topic 7: *All facts and circumstances concerning the manufacturing process, including specifications and modifications thereto, for Defendants' Proposed Risperidone Product, including but not limited to the facts and circumstances related to when Defendants and/or You plan to begin commercial manufacture for the Proposed Risperidone Product or any component thereof, such as the diluent.*

This topic is overly broad, not proportional to the needs of this case, requires disclosing a trade secret or other confidential research, development, or commercial information, and is unduly burdensome because Janssen already requested documents concerning the exact same topic. *See* Decl. Buche, Ex. B, pg. 11-12 (Request No. 13). Defendants already have all information regarding the manufacturing process, specifications, and modifications of Defendants' Risperidone Product and Defendants are likely to have the only facts related to when Defendants plan to begin commercializing its own proposed product. Ajinomoto manufactures the diluent used in Defendants' Risperidone product, which is then provided to Defendants. Ajinomoto has no involvement regarding the decisions as to if or when Defendants' plan to start selling its product to the public. Nonetheless, Ajinomoto has already stated that it will produce non-privileged and relevant records related to the final specifications and manufacturing that was performed, so any relevant information can be gathered from those documents.

A deposition of Ajinomoto on this topic is not necessary, especially when Plaintiffs can depose Defendants on their plans and timelines to commercialize and sell its product.

        8.    Topic 8: *All facts and circumstances concerning Plaintiffs or Risperdal Consta®.*

This topic is incredibly over broad, vague, not relevant, not proportional to the needs of this case, and unduly burdensome. "All facts and circumstances concerning Plaintiffs or Risperdal Consta® could encompass all information from the infancy of each of the Plaintiffs and of the drug. Alkermes is a publically traded biopharmaceutical company, Janssen is a Johnson & Johnson owned company that is very well known and relevant in the pharmaceutical industry, and Risperdal Consta® is a well-known antipsychotic drug that is used to treat schizophrenia, so "facts and circumstances concerning Plaintiffs" is not only over broad and vague, but, as a nonparty, Ajinomoto's knowledge and information about the Plaintiffs and the drug is not relevant to any of the claims at issue or proportional to the needs of the case.

**B.    Janssen's Deposition Subpoena Should be Quashed or Modified Because it Fails to Allow a Reasonable Time to Comply**

A court must quash or modify a subpoena if the subpoena does not allow reasonable time for compliance. Fed. R. Civ. P. 45(d)(3)(A)(i). Here, the subpoena was served on November 7, 209 and the time for compliance for the deposition is only 18 days later on November 25, 2019. With the short turnaround time, counsel for Ajinomoto, John K. Buche, is unable to defend Ajinomoto on November 25, 2019 due to a prior planned vacation and has reached out to Janssen's counsel regarding moving the deposition to a different date. However, Janssen's counsel has not agreed to move the deposition until after the Thanksgiving holiday. *See* Decl. Buche, ¶6. Accordingly, if Janssen's subpoena is not quashed, in the alternative, Ajinomoto requests that the subpoena be modified to a different date to accommodate a time when Ajinomoto and its counsel can be present.

## IV. CONCLUSION

For the foregoing reasons, Janssen's subpoena to testify at a deposition should be quashed. In the alternative, if the subpoena is not quashed, Ajinomoto requests that the subpoena be modified to a different date that can be agreed to by the parties.

Dated: November 21, 2019

Respectfully Submitted,

By: /s/ John K. Buche
John K. Buche (CSBN 239477)
Byron E. Ma (CSBN 299706)
BUCHE & ASSOCIATES, P.C.
875 Prospect, Suite 305
La Jolla, California 92037
Tel: 858.459.9111
Email: jbuche@buchelaw.com
bma@buchelaw.com

*Attorneys for Ajinomoto Althea, Inc.*